UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  8:09-cr-388-T-23SPF
               8:16-cv-757-T-23SPF

ISMAEL MONTIEL-HERNANDEZ
_____/

**O R D E R**

In 2010 Montiel was convicted of several immigration offenses and sentenced both to imprisonment for thirty-six months and to supervised release for sixty months. Following his release from imprisonment and his removal from the United States, Montiel illegally re-entered the United States and, in an Arizona state court, was convicted of aggravated assault. Montiel was transported to this district under a summons issued to revoke his supervised release. (Doc. 47 in 09-cr-388) Montiel's supervised release was revoked and he was sentenced to eighteen months of imprisonment, which he now challenges in a timely motion under 28 U.S.C. § 2255 to vacate.

In the sole ground for relief Montiel argues that counsel was ineffective for not contesting the classification of the Arizona aggravated assault as a "Grade A Violation" instead of a "Grade B Violation" under Section 7B1.1, United States Sentencing Guidelines. For a defendant with a Criminal History Category I at the original sentencing, Section 7B1.4 establishes a sentencing range of 12–18 months for

a "Grade A Violation" and a range of 4–10 months for a "Grade B Violation." Section 7B1.1(a)(1) defines a "Grade A Violation," in relevant part, as "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a crime of violence . . . ."

Montiel asserts in his motion to vacate that the "11th Circuit has however already ruled [that] Arizona aggravated assault is not a crime of violence because someone can commit Arizona aggravated assault recklessly." (Doc. 1 at 4) An earlier order recognized that, "[a]lthough not cited by Montiel, *United States v. Palomino Garcia*, 606 F.3d 1317, 1334 (11th Cir. 2010), appears to support Montiel's argument." (Doc. 4 at 2) In response the United States shows both that *Palomino Garcia* is inapplicable and that Montiel is entitled to no relief.

First, *Palomino Garcia* rejected a *mens rea* of "recklessness" in determining a "crime of violence" under Section 2L1.2 (illegal entry into the United States) and not "crime of violence" as defined under Sections 7B1.1 and 4B1.1 (revocation of supervised release). The United States correctly argues that the definitions are different. Second, *Palomino Garcia's* reasoning was based on *Leocal v. Ashcroft*, 543 U.S. 1 (2004), which decision was restricted when *Voisine v. United States*, 136 S. Ct. 2272 (2016), accepted "recklessness" as a *mens rea* to prove "use of force."

Montiel's Arizona conviction satisfies the applicable definition of "crime of violence" and, as a consequence, qualifies as a "Grade A Violation" of supervised release. The United States attaches to the response a copy of the indictment and plea

agreement for the Arizona conviction. The indictment charged that Montiel "committed Aggravated Assault by assaulting [a deputy of the] Pina County Sheriff's Office, while using a deadly weapon or dangerous instrument . . . ." (Doc. 5-1 at 1) Montiel pleaded guilty to "attempted aggravated assault on a peace officer . . . ." Under Ariz. Rev. Stat. § 13-1204(A)(8)(a), aggravated assault is defined as "intentionally, knowingly or recklessly caus[ing] any physical injury to another person . . . ." Montiel's attempt to cause physical injury to another person qualifies under Section 4B1.2(a)(2) as "conduct that presents a serious potential risk of physical injury to another" and, as a consequence, qualifies as a "crime of violence" under Section 7B1.1 to revoke Montiel's supervised release.

Accordingly, the motion to vacate (Doc. 1) is **DENIED**. The clerk must both enter a judgment against Montiel and close this case.

ORDERED in Tampa, Florida, on March 14, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE